Sinera v Bedford-Webster LLC
2026 NY Slip Op 03649
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bubacarr Sinera, Plaintiff-Respondent-Appellant,
v
Bedford-Webster LLC., Defendant-Respondent-Appellant, Bedford-Webster Commercial LLC. et al., Defendants-Respondents, 3170 Webster Avenue LLC., Defendant-Appellant-Respondent.
Bedford-Webster LLC., Third-Party Plaintiff-Respondent-Appellant,
v
Joy Construction Corp., Third-Party Defendant-Appellant- Respondent.

Decided and Entered: June 09, 2026
Index No. 23902/15|Appeal No. 6853|Case No. 2024-05610|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Mauro Lilling Naparty LLP, Woodbury (Melissa A. Danowski of counsel), for appellants-respondents.
Edelman, Krasin & Jaye PLLC, Westbury (Monica P. Becker of counsel), for Bubacarr Sinera, respondent-appellant.
Maizes & Maizes, LLP, Bronx (Michael H. Maizes of counsel), for Bedford-Webster LLC, respondent-appellant/respondents.

[*1]
Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered August 21, 2024, which, to the extent appealed from as limited by the briefs, after a jury trial, denied the motion of defendant 3170 Webster Avenue LLC (Webster) and third-party defendant Joy Construction Corp. (Joy) for judgment notwithstanding the verdict or to set aside the verdict as to Webster's liability under Labor Law § 241(6), for judgment as a matter of law dismissing defendant Bedford-Webster LLC's (Bedford) contractual indemnification claim against Joy, and for a collateral source hearing under CPLR 4545 to offset the award for future medical costs; denied Bedford's motion for judgment notwithstanding the verdict or to set aside the verdict as to its liability under Labor Law § 200, granted the motion to the extent Bedford sought a declaration that it was entitled to contractual indemnification from Joy, and struck Joy's affirmative defense based on General Obligations Law § 5-322.1; and denied plaintiff's cross-motion to set aside the verdict to the extent that it found no liability under Labor Law § 240(1) and awarded $125,000 in past pain and suffering, $280,000 in future pain and suffering, $271,400 in future lost wages, and $280,000 in future medical costs, unanimously modified, to award Bedford full contractual indemnification against Joy, and otherwise affirmed, without costs.
Plaintiff failed to preserve his objections to the jury charge regarding the Labor Law § 240(1) claim as he did not object when the charge was given, and he renewed his objection to the court's refusal to give the requested instructions only after the jury retired to deliberate (see CPLR 4110-b; Washington v Atenco, 103 AD3d 529, 529 [1st Dept 2013]).
A valid line of reasoning and a fair interpretation of the evidence also support the jury's finding that Webster was liable under Labor Law § 241(6) insofar as predicated on Industrial Code § 23-2.1(a)(2) which pertains to the storage of material or equipment and provides that "[m]aterial and equipment shall not be stored upon any floor . . . in such quantity or of such weight as to exceed the safe carrying capacity of such floor." Both plaintiff's expert and Webster and Joy's expert testified that the collapse occurred because the floor was overloaded beyond its structural capacity due to a combination of factors, including the weight of the moving forklift and the stored materials. Thus, a jury could rationally conclude that the long-term storage of materials in excess of the floor's load capacity, in violation of Industrial Code § 23-2.1(a)(2), contributed to the collapse (see generally Bazdaric v Almah Partners LLC, 41 NY3d 310, 318 [2024]). Bedford's contention that the Labor Law § 241(6) verdict is unsupported by sufficient evidence is not properly before this Court as Bedford did not appeal from that part of the order (see Ragoo v Port Auth. of N.Y. & N.J., 226 AD3d 444, 445 [1st Dept 2024]).
[*2]
Although not reflected in the verdict sheet, the court's modified charge regarding the Labor Law § 200 claim properly instructed the jury that Bedford, as the property owner, was liable for any dangerous condition that could have been discovered by reasonable inspection (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). The jury's findings that Bedford was negligent under Labor Law § 200 and 30% at fault are supported by a valid line of reasoning and a fair interpretation of the evidence that the collapse was caused by both the storage of materials on top of the floor and the floor's weakened condition. Bedford's owner testified that he visited the property only briefly before purchasing it two years before the accident, never checked the floor's structural integrity, and was aware of the boiler room at the cellar level. Based on this testimony, together with evidence of visible cracks and prior repairs, the jury could reasonably infer that the condition existed for a sufficient period of time to be discovered upon reasonable inspection.
The awards for past and future pain and suffering, future lost wages, and future medical costs do not deviate materially from reasonable compensation in light of plaintiff's conservative course of treatment relying on over-the-counter pain medication and ceasing epidural injections and physical therapy several years before trial, the conflicting expert testimony regarding his condition and prognosis, his age of 49 at the time of trial, and his occupation as a construction laborer (see Brown v Voda Realty LLC, 228 AD3d 450, 452 [1st Dept 2024]; Donlon v City of New York, 284 AD2d 13, 16 [1st Dept 2001]). It was within the jury's province to credit or reject portions of the testimony of plaintiff's economic expert, and its departure from the expert's calculations for future lost wages and medical costs does not render the verdict against the weight of the evidence (see Morrobel v Alicea, 236 AD3d 571, 572-573 [1st Dept 2025])
Webster and Joy failed to show with "reasonable certainty" that plaintiff's medical expenses will be replaced by healthcare benefits available under the Affordable Care Act (CPLR 4545[a]). Their reliance on plaintiff's possession of a Social Security number is insufficient as it does not demonstrate eligibility for any specific plan, actual enrollment, or extent of coverage (see id.; Kromah v 2265 Davidson Realty LLC, 169 AD3d 539, 541 [1st Dept 2019]).
[*3]
The court should have granted Bedford full contractual indemnification as against Joy because the parties' license agreement, permitting Joy to store and move construction materials and equipment in Bedford's garage building adjacent to the construction site, was not a construction contract falling within the scope of General Obligations Law § 5-322.1(1). The agreement provided that Joy shall indemnify Bedford for "all" claims "arising out of or resulting from" Joy's "use" of the property or "construction-related activities which occur" on the property in connection with Webster's construction project. This language demonstrates the parties' intent that Joy indemnify Bedford for all claims connected to Joy's use of the property, including those attributable to Bedford's negligence (see New York Tel. Co. v Gulf Oil Corp., 203 AD2d 26, 27 [1st Dept 1994]). Accordingly, the court should have found that Bedford was entitled to full contractual indemnification for its apportioned share of the fault.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026